United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60846
Summary Calendar
_____

YVETTE KABEYA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76-802-732
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Yvette Kabeya petitions for review of an order of the Board
of Immigration Appeals ("BIA") affirming the immigration judge's
("IJ's") decision to deny her application for asylum and
withholding of removal.  Kabeya also moves this court to stay the
final order of removal that has been entered against her.  Kabeya
argues that the BIA erred by affirming the IJ's determination
that she was not credible and thus had not shown that she was
entitled to asylum.  The IJ's credibility determination was based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on inconsistencies among Kabeya's statements and testimony, her failure to provide detail with respect to certain portions of her testimony, her failure to provide corroborating documentary evidence, and the implausible nature of her account.

This court will uphold the factual finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). The substantial-evidence standard requires that the IJ's decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The IJ's decision is supported by substantial evidence, and the record does not compel a contrary conclusion. Id. Accordingly, Kabeya's petition for review and motion for stay of removal are DENIED.